IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH O'MALLEY : | |
| Petitioner, : | |
| : | CIVIL ACTION NO. 06-CV-5197 |
| v. : | CRIMINAL NO. 02-CR-165 |
| : | |
| UNITED STATES OF AMERICA : | |
| Respondent. : | |
| : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                                    **February 5, 2009**

Presently before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Doc. 462) and Respondent's Motion in Opposition (Doc. 478). For the following reasons, the Court will deny the Petitioner's Motion.

**BACKGROUND**

Petitioner and his seven (7) co-defendants were plumbing inspectors employed by the Construction Services Department ("CSD"), a division of the Department of Licenses and Inspections in the City of Philadelphia. Petitioner performed plumbing inspections on behalf of the CSD. In his role as a plumbing inspector, he cited violations of the plumbing code, distributed stop work orders and revoked the license of a plumber failing to comply with the code.

A jury convicted Petitioner and six (6) of his co-defendants pursuant to the Hobbs Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He received a sentence of thirty (30) months imprisonment, two (2) years supervised release, a $7,500 fine and $900 special assessment. Petitioner filed a notice of appeal on February 4, 2003. The Third Circuit

Court of Appeals considered the following issues: (1) sufficiency of the evidence related to the Hobbs Act; (2) sufficiency of the evidence that Petitioner committed extortion "under color of official right" within the Hobbs Act; (3) the government failed to prove Petitioner directed the affairs of an enterprise; (4) sufficiency of the indictment and the District Court's denial of motions for bill of particulars; (5) challenges by co-defendants to the admissibility of videotapes produced by hidden cameras installed in city vehicles; and (6) numerous challenges to the jury instructions. On April 20, 2005, the Court of Appeals affirmed the convictions but vacated the sentences pursuant to United States v. Booker.[1] 543 U.S. 220 (2005). The Supreme Court denied the petition for certiorari on November 28, 2005.

The current petition was filed on November 27, 2006 raising the claims that (1) a double jeopardy violation because petitioner was tried on duplicitous counts in the indictment to which the jury rendered a verdict; (2) an equal protection violation because petitioner was selectively prosecuted for the charged offenses; (3) he was denied the right to be tried before an impartial tribunal because the trial judge was conflicted, partial to the government, and prejudicial to petitioner; (4) he was denied the constitutional right to be tried on offense for which probable cause had been found by a grand jury; (5) there was ineffective assistance of trial counsel; and (6) appellate counsel rendered ineffective assistance.

## LEGAL STANDARD

A prisoner in custody under sentence of the court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to

---

[1] Petitioner was re-sentenced to twenty-four (24) months imprisonment, three (3) years supervised release, a $7,500 fine, and a $900 special assessment. Petitioner appealed the sentence and it was affirmed on July 16, 2007 by the Third Circuit. United States v. O'Malley, 240 Fed. Appx. (C.A. 3 (Pa.)).

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  Relief for a habeas corpus petition under 28 U.S.C. § 2255 is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon.  Id.  Accordingly, a district court may dismiss a motion brought under §2255 without a hearing where the record shows conclusively that the movant is not entitled to relief.  U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).

## DISCUSSION

**A.  Duplicitous Counts[2]**

A multiplicitous count occurs when the evidence required to sustain a conviction on one offense meets the burden for a conviction on another offense.  United States v. Boffa, 513 F.Supp. 444, 476 (D. Delaware 1980) (citing United States v. Kramer, 289 F.2d 909, 913 (2d Cir. 1961)).  Multiplicitous indictments violate the double jeopardy clause as it may result in multiple sentences for a single offense.  Haddy, 134 F.3d at 548.  However when an offense requires proof of a fact not necessary for the other offenses, multiplicity is avoided.  Blockburger v. United States, 284 U.S. 299 (1932).  Here, Petitioner bases his multiplicity argument on the government's decision to charge some of the overt acts in the RICO count as substantive offenses.  Despite the overlap, the RICO count also demands as a distinct element of proof that a pattern of racketeering existed through which the affairs of the enterprise took place.  Thus, the RICO count and the substantive counts were not multiplicitous and Petitioner's claim is denied.

---

[2] Respondents counter and the Court agrees that Petitioner meant the indictment was based on multiplicitous rather than duplicitous counts.  Duplicity suggests that the government improperly joined two or more distinct offenses in a single count.  United States v. Starks, 515 F.2d 112 (3d Cir. 1975).  Multiplicitous indicates the improper charging of a single offense in different counts of the indictment.  United States v. Haddy, 134 F.3d 542, 548 (3d Cir. 1998), cert. denied, Wynn v. U.S., 525 U.S. 827 (1998).

**B. Selective Prosecution**

Petitioner's allegation of selective prosecution must demonstrate that the prosecution stemmed from "an unjustifiable standard such as race, religion, or other arbitrary classification." United States v. Armstrong, 517 U.S. 456, 464 (1996) (citing Oyler v. Boles, 368 U.S. 448 (1962)). Opinions addressing prosecutorial misconduct reason that as "long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Id. (citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). This does not suggest, however, that prosecutorial decisions are not bound to constitutional standards. Id. Petitioner must demonstrate through clear and convincing evidence that a prosecutorial policy had a discriminatory effect motivated by a discriminatory purpose. Id. To support this claim in his motion, Petitioner's argument in its entirety is "Movant was selectively prosecuted for the offenses charged." The Court is not satisfied that Petitioner met the necessary burden, thus the claim is denied.

**C. Court Bias**

Petitioner next asserts that the Court was biased against him. Specifically, it is argued that the Court was conflicted and that its trial rulings were partial to the government and prejudicial to him. While Petitioner sets forth the allegations, he fails to offer the proper factual basis in support. Habeas relief is appropriate when an error amounts to "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994). Such allegations were not raised on direct appeal. Accordingly, Petitioner is required to demonstrate

an "objective external factor which impeded his or her ability to raise the alleged error on direct appeal. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986) ("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim").

The Petitioner has not demonstrated an impediment to his opportunity to raise the issue on direct appeal**.** <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). The entire basis of Petitioner's allegation is ineffective assistance of appellate counsel. Counsel's failure to raise a claim despite knowledge of is not grounds for a procedural default. <u>United States v. Neal</u>, No. 05-0325**,** 2007 U.S. Dist. LEXIS 30104, at *21 (W.D. Pa. Apr. 20, 2007) (citing <u>Coleman</u>, 501 U.S. at 753). Further, merely disagreeing with the legal ruling of the Court at trial does not establish prejudice. <u>In re TMI Litigation</u>, 193 F.3d 613, 728 (3d Cir. 1999) ("Petitioner's allegations amount to little more that disagreement with her legal rulings. Disqualification is not an appropriate remedy for disagreement over a legal ruling."); <u>Liteky v. United States</u>, 510 U.S. 540 (1994) ([J]udicial rulings alone almost never constitute valid basis for a bias or impartiality motion.**").** For these reasons, Petitioner's claims are denied.

## CONCLUSION

After careful review of the record, the Court concludes that Petitioner's Habeas Petition to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied. An appropriate Order follows.